IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA UNRUH as Personal Representative
of the Wrongful Death ESTATE OF
ROBERT L. UNRUH, JR., Deceased,
and as next friend on behalf of
Robert L. Unruh's minor children,
Destiny Unruh, Robert Lee Unruh
and Leland Merle Unruh,

        Plaintiff,

v.                                                            Civ. No. 17-422 JCH/SMV

JAMES D. VANDEVER TRUCKING, INC.,
and EARL ROGER GARRETT,

        Defendants.

## ORDER TO DEPOSIT FUNDS

This matter is before the Court on the parties' *Joint Motion to Approve Settlement* [Doc. 28], filed on August 25, 2017, as well as the *Report of Guardian Ad Litem* [Doc. 29] and Plaintiff's *Response to Report of Guardian Ad Litem* [Doc. 31].

A review of these documents reveals that the following facts are undisputed:

1. Linda Unruh is the personal representative of the wrongful death estate, and she has sued on behalf of the decedent's three minor children. A review of the Complaint reveals that Ms. Unruh has not pled any claims for herself in her own personal capacity. Neither the case caption nor the body of the Complaint suggests that she has asserted her own loss of consortium claim for the death of her son. Rather, the Complaint alleges claims by the minor children under

the Wrongful Death Act, which provides that the parent of a decedent may recover only in the absence of the decedent having a surviving spouse or child.

Despite not having actually pled a loss of consortium claim by Ms. Unruh, and Ms. Unruh's apparent lack of a right to a personal recovery under the Wrongful Death Act, Plaintiff's counsel contends that under the settlement agreement Ms. Unruh will personally recover 25% of the settlement proceeds. Plaintiff's counsel has not provided the Court with a settlement agreement among the parties. Counsel did provide a release signed by Ms. Unruh, but that document does not discuss the apportionment of settlement proceeds between Ms. Unruh and the minor children.

2. Court approval is necessary for the settlement of claims by minor children. *Garcia v. Middle Rio Grande Conservancy Dist.*, 664 P.2d 1000, 1006 (N.M. Ct. App. 1983), overruled on other grounds by *Montoya v. AKAL Sec., Inc.*, 838 P.2d 971 (N.M. 1992) ("[The Court] has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself."). The Court's touchstone in this determination is fairness and the best interests of the children. *See Shelton v. Sloan*, 1999-NMCA-048, ¶ 42, 977 P.2d at 1020 (concluding that the Court's role is to "review[ ] the fairness of the agreement itself."); *Garcia,*, 664 P.2d at 1006 (citing *United States v. Reilly*, 385 F.2d 225 (10th Cir. 1967) ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child.")). Despite this clear requirement under New Mexico law, the parties took no steps to seek Court approval of the settlement until the Court, on its own initiative, ordered them to do so.

3. Despite the Court having not yet approved the settlement agreement involving minors as required by New Mexico law, it appears that Defendants distributed the entirety of the settlement

funds to Plaintiff's counsel, who then in turn distributed funds to various parties. All of this took place not only without court approval, but also without the benefit of a structured settlement to ensure that the financial interests of the minors are protected.

## CONCLUSION

In light of the foregoing undisputed facts, the Court concludes that in order to meet its obligation to ensure that the minor children's interests are properly represented, it is necessary to require the parties to deposit the *full* amount of the settlement proceeds in the Court registry until such time as the Court may order approval of a settlement agreement that is in the best interests of the minors.

Accordingly, the Court hereby **ORDERS** the parties in this case to deposit, no later than close of business on **October 27, 2017**, all settlement proceeds in the Court registry immediately pending approval of the settlement agreement.

Mr. Garrett and Ms. Unruh are immediately enjoined from spending, distributing, or encumbering any of the settlement proceeds without the express and written order of the Court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**